THOMAS J. KEATING and Another, Plaintiffs, *v.* EMIL COLEMAN, Defendant.

Second Department, December 18, 1925.

Vendor and purchaser — marketable title — corporations — defense that title acquired by foreclosure against domestic corporation was invalid on ground that service on president without State, without order, did not give jurisdiction — summons and complaint may, under Code of Civil Procedure, § 438, subd. 5, and § 443, subd. 3 (now Civil Practice Act, § 232, subd. 6, and § 235), be served personally without State on president without order — sale of real property by corporation engaged in real estate business — consent of stockholders not required to ordinary sales — validity of sale between corporations having common directors cannot be attacked collaterally by subsequent purchaser of property.

The title to property located in this State and purchased by the plaintiffs from the defendant is not unmarketable on the ground that in a foreclosure action, through which the defendant acquired title, the corporation defendant in the foreclosure action was not legally served with a summons and complaint, on the ground that the service was made without the State on the president without an order, for the service was good inasmuch as, under subdivision 5 of section 438 and subdivision 3 of section 443 of the Code of Civil Procedure (now Civil Practice Act, § 232, subd. 6, and § 235), a valid service may be made in a foreclosure action by service on the president of a domestic corporation without the State without an order of the court.

The fact that the property in question was sold by a corporation to the defendant's immediate predecessor in title, another corporation, without the consent of the stockholders of the selling corporation, does not affect the title, since it appears that the corporation so selling the property was engaged in the real estate business, and that the sale in question was one made in the ordinary transaction of its business; in such case consent was not required.

Furthermore, the fact that the corporations had two common directors at the time the sale was made, cannot be raised collaterally by a subsequent purchaser of the property.

SUBMISSION of controversy upon an agreed statement of facts, pursuant to section 546 of the Civil Practice Act.

*Meyer Levy* [*Morris D. Silverstein* with him on the brief], for the plaintiffs.

*John S. Russell,* for the defendant.

RICH, J.:

A contract was entered into on April 1, 1924, by the parties to the controversy whereby plaintiffs agreed to purchase from the defendant the premises known as No. 1736 East Fifty-first street, Brooklyn. When the deed was tendered on the closing date, title was rejected as unmarketable because:

In 1916, in an action for the foreclosure of a mortgage, through

which defendant derived his title, covering the premises in question, then owned by defendant's predecessor in title, the W. W. Robertson Realty Company, Inc., the defendant corporation in that action, a domestic corporation having its principal place of business in the county of Kings, was served with the summons and complaint by service on one Charles H. Singley, the president of the corporation, without the State, though there is nothing to indicate that at the time of such service the president of the corporation was a non-resident of the State of New York. The plaintiff purchaser objected that such service, which was made without order for service of the summons without the State, was invalid. Title was also rejected for the reason that the W. W. Robertson Realty Company, Inc., the defendant corporation in the foreclosure action, having acquired its title in 1914 through the Kriner Realty Company, also a domestic corporation, and both of said corporations having at least two directors in common, and the stockholders of the Kriner Realty Company not having ratified the conveyance, and it failing to appear that the corporation was solvent at the time it was made, casts doubt upon the validity of the title.

It is the contention of the plaintiffs, *first*, that no jurisdiction was acquired of the defendant corporation in the foreclosure action by reason of the service upon its president without the State, in that in the eyes of the law the corporation itself could not be regarded as without the State, and *second*, that the fact that the Kriner Realty Company and the W. W. Robertson Realty Company, Inc., had two directors in common casts such doubt upon the validity of the title as to warrant its rejection.

The first question resolves itself into whether section 438, subdivision 5, and section 443, subdivision 3, of the Code of Civil Procedure (as amd. by Laws of 1914, chap. 346),* in effect at the time when the service was made, which provided for an order directing service by publication " Where the complaint demands judgment, that the defendant be excluded from a vested or contingent interest in or lien upon, specific real or personal property within the State; or that such an interest or lien in favor of either party be enforced, regulated, defined, or limited; or otherwise affecting the title to such property;" (§ 438, subd. 5) and also provided that " In the cases specified in subdivision five of section four hundred and thirty-eight the summons may be served without an order, upon a defendant without the State in the same manner as if such service were made within the State, except that a copy of the complaint shall

---

* See Civ. Prac. Act, § 232, subd. 6; Id. § 235.— [REP.

be annexed to and served with the summons;" (§ 443, subd. 3) should be so construed as to be limited to cases where an *indi-- vidual* defendant is without the State, and as not applicable to a situation such as appears to have existed in the case at bar, where the officers of a domestic corporation reside without the State. The action is *in rem*, and it was the intention of the Legislature, I think, to provide that service upon a domestic *corporation* defendant, whose officers reside without the State, by service of the summons and complaint upon such officers without the State of New York without an order for such service, in an action affecting the *res* situated in this State, should give jurisdiction and result in a binding judgment. If the sections are to be construed as plaintiffs contend they could never be applied to a domestic corporation, for unless it did business in another State, it could never be regarded as without the State. But a corporation only acts through its officers, and if those officers reside out of the State, I think it was within the contemplation of the Legislature to make no distinction between service within or without the State, either upon an individual or corporation, so long as the property is situated within the State, and the action is one of those specified in section 438, subdivision 5, of the Code of Civil Procedure.

The remaining objection to defendant's title, that no consent of stockholders and no proof of solvency of the grantor in the deed of the Kriner Realty Company to the W. W. Robertson Realty Company, Inc., has been furnished, is without merit. No authority is cited holding that the conveyance by one corporation to another where they both have two directors in common, is void or does not convey good title. It has never been attacked or its validity questioned by any one who had the right to do so, and it is only questioned now by a purchaser under contract to purchase from the present holder of the title. No consent of stockholders is required to the ordinary sales by a corporation made in the ordinary course of its business (*Matter of Timmis*, 200 N. Y. 177, 181), and there is nothing to indicate that the conveyance in question was not an ordinary sale.

It follows that the objections to the defendant's title are not well taken, and that judgment should be directed for the defendant, with costs.

Present — KELLY, P. J., RICH, JAYCOX, KELBY and YOUNG, JJ.

Judgment unanimously directed for defendant on agreed statement of facts, with costs, in accordance with opinion.