SECOND DEPARTMENT, FEBRUARY, 1938.
(February 4, 1938.)

BEULAH HICKMAN, Appellant, v. BAYSIDE-FLUSHING GARDENS, INC., Respondent.— Motion for leave to appeal to the Appellate Division denied, without costs. Present — Lazansky, P. J., Carswell, Davis, Johnston and Taylor, JJ.

In the Matter of the Petition of QUEENS COUNTY BAR ASSOCIATION in Respect of BERNARD S. DORNFELD, an Attorney and Counselor at Law, Respondent.— Motion to confirm report of official referee granted, respondent disbarred and his name ordered to be struck from the roll of attorneys. Present — Lazansky, P. J., Carswell, Davis, Johnston and Taylor, JJ.

In the Matter of the Application of BROOKLYN BAR ASSOCIATION in Respect of MORRIS RAPPOPORT, an Attorney and Counselor at Law.— Matter referred to Honorable Isaac M. Kapper, official referee, to hear and to report with his opinion. Present — Lazansky, P. J., Carswell, Davis, Johnston and Taylor, JJ.

LOUIS SCHNURMAN, Appellant, v. METROPOLITAN LIFE INSURANCE COMPANY, Respondent.— Motion for leave to appeal to the Appellate Division granted. Present — Lazansky, P. J., Carswell, Davis, Johnston and Taylor, JJ. [See post, p. 915.]

MARGARET HELEN BASSETT, Suing in Behalf of Herself and of All Other Stockholders of BILLIKEN-SAMARKAND, INC., Appellant, v. GEORGE GORDON BATTLE and Others, Defendants, and THOMAS F. GURRY, JR., Respondent.— In a stockholder's derivative action for the rescission of the sale of its property by a corporation, allegedly without the consent of two-thirds of the holders of record of its outstanding shares entitled to vote thereon (Stock Corp. Law, § 20), plaintiff, stockholder, appeals from so much of a judgment as dismisses the complaint for insufficiency as against the defendant purchaser of the property, and from the order in pursuance of which the judgment was entered. Order and judgment, in so far as appealed from, unanimously affirmed, without costs, with leave to plaintiff to plead over within ten days from the entry of the order hereon. The cause of action, if any, for rescission, the only cause here involved, belongs to the corporation. (*Isaac* v. *Marcus*, 258 N. Y. 257, 264.) The complaint contains no allegation that the corporation or any one on its behalf has returned or tendered to the purchaser the consideration paid by him for the property. Therefore, it fails to state a cause of action for rescission against any of the defendants, including the respondent. (*McVity* v. *Albro Co.*, 90 App. Div. 109; affd., 180 N. Y. 554.) In addition, although a cause of action for concerted fraud on the part of certain defendants is attempted to be alleged, it is not charged that the purchaser, respondent, was a party thereto. Finally, it is not shown that the questioned conveyance was not a sale of real property of the corporation, made in the ordinary transaction of its business. (*Keating* v. *Coleman*, 214 App. Div. 668; *Matter of Timmis*, 200 N. Y. 177, 181.) For all that appears, this was a transaction in the ordinary course; and the statutory consent of stockholders was, therefore, unnecessary. (*Keating* v. *Coleman, supra; Matter of Timmis, supra.*) Present — Hagarty, Johnston, Adel, Taylor and Close, JJ.