Thomas A. Aurelio, J.
The defendant corporation moves for reargument of its motion made pursuant to section 61-b of the General Corporation Law and its motion for relief pursuant to rules 106 and 107 of the Buies of Civil Practice. The motions for reargument are granted. The orders of March 9, 1960 are withdrawn. Plaintiff complained of a transfer of assets in violation of sections 20 and 45 of the Stock Corporation Law. There is no allegation of unfair consideration, bad faith, fraud or breach of duty other than violation of the mentioned statutes. Minority stockholders are not necessarily limited to redress under sections 20 and 21 of the Stock Corporation Law. They may have remedy in equity if dissolution or sale is illegal or fraudulent. Absent a showing of bad faith, fraud or other breach of trust, the minority stockholders cannot complain of the sale merely by reason of statutory violation, since adequate remedy is available by appraisal even in the absence of compliance with section 20 (Ribakove v. Rich, 13 Misc 2d 98). Failure to comply with section 20 results in a proper case in a cause on behalf of the corporation if the elements of a derivative suit are present (November v. National Exhibition Co., 10 Misc 2d 537). Nor may the minority stockholders sue for rescission save by derivative action and upon allegations sufficient to ground a cause for rescission (Bassett v. Battle, 253 App. Div. 893). The application made pursuant to rule 107 *620 is denied. The application pursuant to rule 106 is granted, with leave to replead. The application pursuant to section 61-b is denied, without prejudice to renewal in the event an amended complaint is served. Settle order.