Arthur Markewich, J.
Respondents seek to reargue a motion to dismiss the petition, heretofore denied, on the ground that the court’s prior decision overlooked a controlling principle of law. Further, it is sought to renew the earlier motion as based upon a claimed incomplete statement of facts, the complete. statement being supplied on this application. The motion is granted in both respects, the prior decision of August' 7, 1964, recalled, and the matter considered de novo.
This article 78 proceeding brings up for review the action of the Superintendent of Insurance (“ Superintendent ”) in approving a merger of American Surety Company and Transameriea Insurance Company. Eespondents cross-move prior to answering (CPLE 7804, subd. [f]) to dismiss for legal insufficiency. As with motions addressed to pleadings generally (CPLE 3211, subd. [c]), matters dehors the petition may be considered. The record discloses the following:
Transameriea Corporation (“ Transameriea ”) owned 95% of the stock of American Surety Company (“ American ”) and 100% of the stock of Transameriea Insurance Company *829 (“ Insurance ”). Petitioner is a minority stockholder of American. Some time in the Fall of 1963, Transamerica, acting-through its control of the management of American, proposed a merger and consolidation of American with and into Insurance whereby the stock of the resulting corporation would be issued solely to Transamerica; the minority stockholders of American were to be sold out at a stated price. After being duly advised of this proposal, petitioner attended a stockholder meeting called to approve the same and, along with other minority interests, voiced objection to the plan. Perforce, the vote of the 95% interest owned by Transamerica carried the proposal, and it was presented to the Superintendent for approval pursuant to section 486 of the Insurance Law. This statute requires the Superintendent to pass upon a proposed merger of insurance companies, and to approve such an agreement “if satisfied that the same is in accordance with the provisions of this article, is fair and equitable, and is not inconsistent with the laws and the constitution of this state and of the United States and that no reasonable objection exists thereto ”. The Superintendent granted approval, but only after Transamerica had transferred all of its stock in American, which had by that time reached 97.8% of that outstanding, to Insurance.
Petitioner contends that the proposed merger was unfair, inequitable and without statutory sanction, and that it did not afford equality of treatment to all stockholders of American, but rather gave preferential treatment to the majority stockholders, in violation of petitioner’s common law and constitutional rights. The proposal and its approval are further-attacked on the ground that the consideration offered for petitioner’s stock was grossly inadequate; further, it is charged that the Superintendent failed and refused to grant a hearing or to consider evidence proffered on behalf of petitioner.
The Superintendent establishes that his chief, perhaps sole, consideration in approving the merger plan was adequacy of the repurchase price. He justifies this limited consideration, leading to a finding that “no reasonable objections” were raised and that the merger plan was “ fair and equitable ” to all concerned, upon the following grounds: (1) While there is no express provision in article XV of the Insurance Law, authorizing a merger which results in a “ freeze-out ” of minority shareholders, neither is there any express prohibition thereof. (2) Compulsory elimination of minority interests of subsidiary corporations is generally permitted in stock corporations, provided there is a 95% ownership of the stock of the subsidiary (Business Corporation Law, § 905). Since *830 mergers of stock insurance companies are authorized by law (Insurance Law, § 481), it is neither unreasonable, arbitrary, nor capricious, when considering proposed mergers of insurance corporations, to adopt as a standard that set by the Legislature in respect of other types of corporations. (3) Petitioner’s sole and exclusive remedy is provided in section 503 of the Insurance Law: dissenters from insurance company mergers may have the value of their stock judicially appraised. Absent fraud or illegality, this right of appraisal has been held to be the only remedy available to minority interests insofar as other kinds of corporations are concerned. (Beloff v. Consolidated Edison Co. of N. Y., 301 N. Y. 11.) Petitioner has, in fact, joined in judicial appraisal proceedings instituted by other minority shareholders, which are being held in abeyance pending determination herein.
On the original determination of this matter the facts pre- • sented did not indicate that one of the merging corporations held legal title to more than 95% of the stock of the other corporation. It was, therefore, held, inter alia, that the petition stated a good cause of action in alleging that the merger plan approved was not legally permissible. Upon this renewal, the facts submitted now indicate that Transamerica transferred the ownership of its 97% interest in American to Insurance prior to the 'Superintendent’s approval of the merger plan and after the stockholders’ meeting at which the merger was voted. This was done at the suggestion of the Superintendent to overcome technical objections to the proposed merger. To hold that this should be nullified merely because the transfer was not made prior to the meeting would amount to an impractical •sacrifice of expediency for formality. There can be no doubt as to the outcome of the vote should another meeting be held. The Superintendent did, it appears, advise Transamerica as to how it could come within the ambit of the law and so qualify for the merger: this cannot be considered either irregular or in any way improper. It is held that the application by the Superintendent of the standards enunciated by the Legislature as applicable to corporations generally to the situation here carries out — it does not violate — the requirement of fairness and equity maintained by the Insurance Law.
The question does remain, however, as to whether petitioner’s exclusive remedy is the right of appraisal. While this appears to be the general rule in this jurisdiction (Beloff v. Consolidated Edison Co. of N. Y., supra), the exclusiveness of this remedy is qualified by a well-recqgnized exception where fraud and overreaching on the part of the majority may be involved or gross *831 inequity may result (see Eisenberg v. Central Zone Property Corp., 306 N. Y. 58; also Business Corporation Law, § 623, subd. [k]). Here it is alleged in the petition (par. 16) that Transamerica exercised control over American to its own benefit, improperly depleting the assets of the corporation, and it is intimated that the device of merger is utilized to avert the possibility of derivative actions to compel restoration of mishandled or wasted funds. Giving every fair intendment to that paragraph and also paragraph 17, which charges that the Superintendent approved the merger despite an alleged statutory duty to withhold approval for the reasons therein mentioned, it must be concluded that petitioner has set forth adequately, if imprecisely, a valid cause of action. In this aspect, the fact that petitioner has already commenced appraisal procedures cannot be deemed an election of remedies so as to bar this instant procedure. The question raised here is not whether the Superintendent acted properly in deciding that the sell-out price was fair and equitable, but whether he acted properly, in disregard of reasonable objections raised, by approving a merger alleged to be a device to cover up fraud or breach of fiduciary obligations.
The court adheres to its original view that the petition sets forth a viable cause of action but only, however, insofar as it alleges fraud and breach of trust on the part of Transamerica as grounds for petitioner’s objection to the merger plan and further alleges the Superintendent’s failure and refusal to evaluate the plan in light of such objections. Since .the petition mingles valid allegations with others legally insufficient, it is incapable of being answered as it stands. Accordingly, the motion to dismiss the petition is granted without prejudice to petitioner’s commencement of a new proceeding upon á properly constituted pleading, provided that such be done within 20 days of service of a copy of the order to be entered hereon. It is anticipated that the voluntary stay of appraisal proceedings will continue for a reasonable period to afford petitioner time to plead as permitted hereby.
The application for reargument contained an alternative prayer by the Superintendent for permission to appeal. Should the Superintendent desire to appeal from that portion of this decision which permits repleader, a provision to that effect may be inserted in the proposed order.