EUGENE J. YOSS, Appellant-Respondent, v. IRA SACKS et al., Respondents-Appellants.— In an equity action to recover damages allegedly sustained by plaintiff, individually and derivatively, and by the eight corporate defendants, derivatively, as a result of the wrongful and fraudulent acts of the individual defendants, the parties cross appeal as follows from portions of an order of the Supreme Court, Queens County, entered March 8, 1965: 1. Plaintiff appeals from so much thereof as granted defendants' motion to dismiss the first, second and third causes of action set forth in the complaint. 2. Defendants

cross appeal from so much thereof as denied their motion to dismiss the fourth cause of action. Order, insofar as appealed from, modified: (a) by adding to its first decretal paragraph a provision granting to plaintiff leave, if so advised, to serve an amended complaint repleading the first and second causes of action; and (b) by adding to its fourth decretal paragraph leave to defendants to answer the amended complaint within 20 days after service thereof upon the defendants' attorneys. As so modified, order affirmed, with $10 costs and disbursements to plaintiff. The time to serve the amended complaint is extended until 20 days after entry of the order hereon. In our opinion, the plaintiff was not barred from asserting the first and second causes of action for derivative and individual recovery merely because he had previously initiated appraisal proceedings as a minority stockholder, dissenting from the transfer by the majority stockholders of all of the assets of the subject corporations. Under the Business Corporation Law (§ 623, subd. [k]), despite the commencement of the prior appraisal proceedings, plaintiff was free to assert the first and second causes of action for equitable relief upon a proper showing that the transfer was fraudulent or unlawful as to him (Joint Legislative Committee to Study Revision of Corporation Laws, Seventh Interim Report, N. Y. Legis. Doc. 1963, No. 29, p. 132; 3 White, New York Corporations [13th ed.], par. 623.01, p. 6–563; 4 White, *op. cit.*, par. 910.02, pp. 9–105, 9–106; *Matter of Willcox* v. *Stern*, 24 A D 2d 845, mod. 44 Misc 2d 827). However, in our opinion, the plaintiff's instant first and second causes of action pleaded facts insufficient to support their underlying premise that defendants had undervalued the value of the assets transferred. Misrepresentations as to value are not ordinarily to be treated as constituting fraud "because they are generally to be regarded as mere expressions of opinion * * * involving a matter of judgment and estimation as to which men may differ" (37 C. J. S., Fraud, § 57, pp. 334–335). In discretion (*Matter of Willcox, supra*), plaintiff, however, may replead these causes of action by allegations relating to actionable conduct on the part of defendants involving actual misrepresentation of value "rather than a mere expression of opinion". (37 C. J. S., Fraud, § 97, p. 403). We find no error in the disposition of plaintiff's third and fourth causes of action. Christ, Brennan and Rabin, JJ., concur; Beldock, P. J., dissents, insofar as the second cause of action is concerned, and with respect thereto votes to deny the motion to dismiss that cause of action, with the following memorandum: The second cause of action may be upheld (independently of the appraisal proceedings) as a cause of action for breach of the personal stockholders' agreement, which provided that plaintiff was to receive certain benefits until December 31, 1966; and the sale to Cott was made on September 6, 1963. I see no necessity to replead. Hopkins, J., concurs as to the affirmance of the order with respect to the third and fourth causes of action, but dissents from the dismissal of the first and second causes of action, with leave to replead, and votes to reverse the order and to deny the defendants' motion to dismiss said causes of action, with the following memorandum: I concur in the construction of the Business Corporation Law, § 623, subd. (k). In my opinion, however, fraud is sufficiently alleged in the complaint. The defendants are fiduciaries in their relationship to the plaintiff. It was their duty to advance the interests of the corporation and not to dispose of its assets at a price far below the value of the assets and on conditions personally advantageous to them, as alleged by the plaintiff (Business Corporation Law, § 717; cf. *Hinds* v. *Fishkill & Matteawan Equitable Gas Co.,* 96 App. Div. 14; *Bown* v. *Ramsdell,* 139 Misc. 360; 12 N Y Jur, Corporations, § 903). We deal here, not in the sense of common law fraud, but fraud implied from a violation of the duty of fair treatment owed by a fiduciary to the party whose property interests are within the power of the fiduciary to convey (*Matter*

*of Ross* v. *Wilson,* 308 N. Y. 605, 612–613). Of course, it must be stressed that only a question of pleading is before us; the issues of good faith and adequacy of price must be determined at the trial.