Douglas M. Breed et al., as Shareholders of Shepard Niles Crane and Hoist Corporation, and All Others Similarly Situated, Appellants-Respondents, v George T. Barton et al., Respondents-Appellants.

Third Department, May 22, 1980

### APPEARANCES OF COUNSEL

*Robert S. Lesher* for appellants-respondents.

*Hodgson, Russ, Andrews, Woods & Goodyear (Stephen H. Kelly* of counsel), for respondents-appellants.

### OPINION OF THE COURT

GREENBLOTT, J.

This action arises out of the merger on March 31, 1971, of Shepard Niles Crane and Hoist Corporation (Old Shepard) into Shepcan Corporation (Shepcan), a wholly owned subsidiary of Vulcan, Inc. (Vulcan). After the merger, Shepcan changed its name to Shepard Niles Crane and Hoist Corporation (New Shepard) and continued the business of Old Shepard.

Plaintiffs, minority shareholders of Old Shepard, had timely filed their notice of election to dissent from the merger and instituted appraisal proceedings in Supreme Court, Chemung County, to have their stock appraised and to receive in cash the fair value of their stock. Some six years later, they commenced this action individually and derivatively in the right of Old Shepard. They contend that they were damaged by the "inadequate price" offered for their stock in the merger agreement made by Vulcan while Vulcan was exercising a controlling influence over Old Shepard, and that the defendants who were directors of Old Shepard at the time of the merger knew or should have known of the untrue statements and the omission to state material facts in connection therewith. Plaintiffs seek damages in the amount of $56 per share of Old Shepard stock, which was the price of Old Shepard stock shortly prior to the consummation of the merger, less the value of Vulcan preferred stock, issued in exchange for shares of Old Shepard.

Defendants moved to dismiss the complaint for, *inter alia,* failure to state a cause of action. Special Term struck the

allegations of the complaint purporting to set forth a derivative action in the right of Old Shepard, but sustained the complaint as setting forth a cause of action in the individual right of the named plaintiffs. Plaintiffs appeal from so much of the order as denied them standing to bring a derivative action, and defendants have cross-appealed from so much of the order as denied their motion to dismiss.

As noted, plaintiffs have exercised the right granted by sections 910 and 623 of the Business Corporation Law to have their stock appraised in a judicial proceeding which is now pending. By the express terms of subdivision (e) of section 623, upon filing of their notice of election to dissent, plaintiffs ceased "to have any of the rights of a shareholder except the right to be paid the fair value of his shares". Moreover, by enforcing their appraisal rights, plaintiffs are excluded from "any other right to which [they] might otherwise be entitled by virtue of share ownership" (§ 623, subd [k]). Thus, enforcement of the right of appraisal is an exclusive right and excludes the enforcement of any other right (see 3 White, New York Corporations [13th ed], par 623.02, p 6-566).

Plaintiffs, however, contend that the exception contained in subdivision (k) of section 623, which permits a dissenting shareholder "to bring or maintain an appropriate action to obtain relief on the ground that such corporate action will be or is unlawful or fraudulent as to him", allows them to bring a derivative action in the right of Old Shepard as well as an individual action, notwithstanding the exercise of their appraisal rights under section 623. We cannot agree.

While Special Term properly dismissed that portion of the complaint purporting to set forth a derivative action in the right of Old Shepard (see *Independent Investor Protective League v Time, Inc.,* 50 NY2d 259), we conclude that it erred in refusing to dismiss the remainder of the complaint. In *Matter of Willcox v Stern* (18 NY2d 195, 204), the Court of Appeals explained that subdivision (k) of section 623 codified the "judicial principle that equity *will* act—despite the existence of an appraisal remedy—where there is fraud or illegality" (emphasis in original; citations omitted). Moreover, in *Yoss v Sacks* (26 AD2d 671, 672), an equity action, the Second Department stated that despite the commencement of the prior appraisal proceedings, subdivision (k) of section 623 authorized the plaintiff there to seek *"equitable relief"* (emphasis added) upon a proper showing that the

transfer of assets of the corporations was fraudulent or unlawful as to him. Accordingly, where there exists proof of fraud or illegality, equity will act, notwithstanding the availability or the prior exercise of an appraisal remedy to which minority shareholders are generally relegated (see *Clark v Pattern Analysis & Recognition Corp.,* 87 Misc 2d 385, 387). As was succinctly stated in *Kavanaugh v Kavanaugh Knitting Co.* (226 NY 185, 196), an action to enjoin the dissolution of a corporation, "[b]ad faith, fraud or other breach of trust constitutes a foundation for equitable relief", and as noted above in *Willcox (supra)* the principle of equitable intervention in such cases has been codified in subdivision (k) of section 623 of the Business Corporation Law. "Thus, shareholders may *enjoin* an illegal and unfair plan by majority shareholders to 'squeeze out' minority shareholders" (3 White, New York Corporations [13th ed], par 623.02, p 6-567 [emphasis added]).

An example of the application of this "judicial principle", codified by subdivision (k) of section 623, is *Eisenberg v Central Zone Prop. Corp.* (306 NY 58), where the plaintiff brought actions to enjoin the consummation of a plan to transfer corporate assets in exchange for stock in another corporation to be formed. The Court of Appeals found that the plan was invalid and held that under the circumstances, "equity" would protect minority shareholders. In *Clark v Pattern Analysis & Recognition Corp. (supra),* the court granted the motion of plaintiffs, minority shareholders, for a preliminary injunction in an action to enjoin a corporate plan of recapitalization which would have forced the plaintiffs to sell their shares of stock, despite the existence of plaintiffs' appraisal remedy.

Although the complaint before us alleges fraud, misrepresentation and overreaching, there is a fatal absence of any primary request for injunctive relief, the type of equitable relief permitted by subdivision (k) of section 623. In a proper case money damages may be granted (see *Yoss v Sacks, supra),* but in our view, such relief should be incidental to a primary request for injunctive relief pursuant to subdivision (k) of section 623. Here, the only relief requested in the complaint is money damages. Although the demand for relief contained in the complaint is not deemed a part of the cause of action in a motion to dismiss for failure to state a cause of action (see Siegel, New York Practice, § 265, p 325), under the circumstances here presented plaintiffs are not entitled to recover

judgment upon any aspect of the facts pleaded (see *Curren v O'Connor,* 304 NY 515, 517). We agree with defendants' contention that plaintiffs have an adequate (§ 623, subd [g]) and exclusive (§ 623, subds [e], [k]) remedy in the recovery of the value of their stock in the pending appraisal proceeding. Accordingly, defendants' motion to dismiss the action for failure to state a cause of action should have been granted. We reach no other issue.

The order should be modified, on the law, by reversing so much thereof as denied defendants' motion to dismiss the complaint; the motion granted and the complaint dismissed, and, as so modified, affirmed, without costs.

MAHONEY, P. J., MAIN, MIKOLL and CASEY, JJ., concur.

Order modified, on the law, by reversing so much thereof as denied defendants' motion to dismiss the complaint; motion granted and complaint dismissed, and, as so modified, affirmed, without costs.