OPINION OP THE COURT
Wachtler, J.
This appeal presents two issues for our consideration. First, may shareholders who dissent from a corporate merger and pursue their statutory appraisal rights maintain a derivative action on behalf of the merged corporation? Second, may these dissenting shareholders maintain an action for money damages in their individual capacity for fraud alleged to have occurred in connection with the merger, absent a primary request for equitable relief?
Shepard Niles Crane and Hoist Corporation (Old Shepard) merged into Shepcan Corporation (Shepcan) a wholly owned subsidiary of Vulcan, Inc. (Vulcan), in 1971. Shepcan thereafter changed its name to Shepard Niles Crane and Hoist Corporation (New Shepard) and continued the business of Old Shepard.
Appellants, minority shareholders of Old Shepard, filed their notice of election to dissent from the merger and brought appraisal proceedings in Supreme Court, Chemung County, seeking to receive the fair value of their stock in cash. In 1977 they commenced this action as individuals and derivatively on behalf of Old Shepard. Appellants contend that they were damaged by an inadequate price offered for their stock in the merger agreement made by Vulcan while *85 it was exercising a controlling influence over Old Shepard. They also allege that the directors of Old Shepard at the time of the merger knew or should have known of the untrue statements in, and the failure to state material facts concerning, the merger agreement. The complaint seeks money damages in the amount of $56 per share of Old Shepard stock, which plaintiffs allege was the price of Old Shepard shortly before consummation of the merger, less the value of Vulcan preferred stock issued in exchange for shares of Old Shepard.
Respondent moved to dismiss the complaint for failure to state a cause of action. Special Term struck the allegations purporting to set forth a derivative action, but sustained the complaint insofar as it set forth a cause of action with respect to the individual rights of the named appellants. The Appellate Division modified the decision of Special Term by dismissing the complaint in its entirety, as setting forth neither a derivative nor an individual cause of action. We affirm.
When appellants exercised the right under sections 910 and 623 of the Business Corporation Law to have their stock appraised in a judicial proceeding, they abandoned their alternative rights as shareholders. Subdivision (e) of section 623 provides that upon filing of notice of election to dissent, a shareholder ceases “to have any of the rights of a shareholder except the right to be paid the fair value of his shares”. Appellants are therefore excluded from “any other right to which [they] might otherwise be entitled by virtue of share ownership” (§ 623, subd [k]). Appellants contend, however, that the exception contained in subdivision (k) of section 623, which permits a dissenting shareholder “to bring or maintain an appropriate action to obtain relief on the ground that such corporate action will be or is unlawful or fraudulent as to him”, permits the prosecution of both an individual and derivative action for money damages. We agree with the Appellate Division that neither type of action may be asserted once the appraisal right has been exercised.
A derivative action on behalf of Old Shepard is clearly precluded under the statute. Subdivision (k) of section 623 *86 is specific in stating that a dissenting shareholder may commence an action when corporate activity is alleged to be unlawful or fraudulent “as to him”. It is evident from the express language of subdivision (k) that this exception to the general rule of exclusivity of the appraisal remedy permits a shareholder to pursue an appropriate action only in his individual capacity and not as the institgator of a derivative suit (see Independent Investor Protective League v Time, Inc., 50 NY2d 259).[1] Should the Legislature desire to accord dissenting shareholders the right, even after appraisal proceedings, to bring shareholders’ derivative actions the statute could be amended expressly so to provide. As presently drafted the stautory provisions are too unambiguous to permit the courts to recognize any such right.
It is equally clear that appellants may not obtain relief in their individual capacity in the form of money damages. Initially, we note that the complaint contains no cause of action requesting that relief in their individual capacity. Although inartfully drawn, we assume for the purpose of further discussion that the complaint sets forth an individual shareholder cause of action, especially in light of respondents’ failure to argue the point on appeal to this court.
The narrow exception to the rule of exclusivity of the right of appraisal found in subdivision (k) of section 623 permits a dissenting shareholder to bring an “appropriate action” in his individual capacity to remedy unlawful or fraudulent corporate conduct. It is evident from the language of subdivision (k) that the Legislature intended to limit the type of action a dissenting shareholder would be entitled to prosecute in the face of an appraisal election. *87 As we noted in Matter of Willcox v Stern (18 NY2d 195) subdivision (k) of section 623 codified the common-law exception to the rule of exclusivity that a proceeding in equity will lie, notwithstanding the availability or exercise of the right of appraisal when corporate action is alleged to be fraudulent or illegal (see Eisenberg v Central Zone Prop. Corp., 306 NY 58; 3 White, New York Corporations [13th ed], par 623.02, p 6-567). Accordingly, an “appropriate action” within the meaning of subdivision (k) is one in which a dissenting shareholder seeks some form of equitable relief.
The common-law fraud exception to the exclusivity rule codified in subdivision (k) of section 623 is no more than a particular application of the maxim that equity will act only when no adequate remedy is available at law. Allowing the prosecution of a legal action for damages after the exercise of the right of appraisal would be unnecessarily duplicative in that full and proper monetary recovery of the fair value of the dissenters’ shares may be obtained in the appraisal proceeding.[2] Limiting the exception to equitable relief thereby serves the valid function of denying dissenting shareholders the ability to reopen prior appraisal proceedings and again seek the identical relief merely by alleging fraudulent or unlawful corporate conduct in relation to the merger.
Although the complaint in this case alleges fraud, misrepresentation and overreaching, there is a fatal absence of any primary request for equitable relief. While it may be true that damages may be awarded in an “appropriate action” (see Yoss v Sacks, 26 AD2d 671), it follows from what we have said that any monetary recovery, if available at all, can only be ancillary to a grant of some form of equitable relief. In recovering the fair value of their stock in the appraisal proceeding, appellants had an adequate and exclusive legal remedy for the damages they seek and thus *88 should not be permitted to duplicate or supplement that recovery through the medium of the instant proceeding.
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Fuchsberg and Meyer concur.
Order affirmed.

. Appellants argue that subdivision (d) of section 80 of the Model Business Corporation Act supports their position that a derivative action is contemplated by the New York statute. Examination of this provision, however, which refers to the rights of a dissenting shareholder in his individual capacity, appears to lead one to the opposite conclusion. Thus, subdivision (d) of section 80 in declaring the rule as to exclusivity of appraisal remedy for dissenting shareholders expressed the exception therefrom as follows: “except when the corporate action is unlawful or fraudulent with regard to the complaining shareholder or to the corporation” (emphasis added). There is no counterpart to the italicized phrase in the New York statute.

. Appellant argues that appraisal is not an adequate remedy because it will only compensate those particular shareholders seeking appraisal and will not account for those damages recoverable by Old Shepard against its former directors. This argument is based on the erroneous premise that a derivative action is authorized by subdivision (k) of section 623.