DONALD H. BEARD, Individually and on Behalf of All Other Shareholders of GREEK PEAK, INC., Similarly Situated, Appellant, v DONALD F. AMES et al., Defendants, and GREEK PEAK, INC., Respondent. (Appeal No. 1.)

DONALD H. BEARD, Individually and on Behalf of All Other Shareholders of GREEK PEAK, INC., Similarly Situated, Appellant, v DONALD F. AMES et al., Defendants, and GREEK PEAK, INC., Respondent. (Appeal No. 2.)

Fourth Department, November 4, 1983

APPEARANCES OF COUNSEL

*Theodore Fenstermacher* for appellant.

*Harris, Beach, Wilcox, Rubin & Levey* (*James C. Gocker* of counsel), for respondent.

*Per Curiam.*

At issue is the application of the attorney-client privilege in the context of an equitable action brought by shareholders against a corporation. Plaintiffs are dissenting shareholders who commenced this action to rescind the merger of defendant Greek Peak, Inc., and the Virgil Recreation Corporation on the ground that it is illegal, fraudulent and a violation of the defendant corporate management's fiduciary duty to them. They were denied disclosure of certain communications between the corporation and its attorneys concerning the merger because Special Term found the communications to be privileged (CPLR 4503, subd [a]). We hold that Special Term erred in not balancing the competing interests involved before ruling that the material sought is privileged.*

At the outset we note that plaintiffs are not denied access to the requested information simply because they have instituted a related proceeding pursuant to section 623 of the Business Corporation Law to obtain a judicial determination of the value of their stock.

Subdivision (k) of section 623 of the Business Corporation Law provides: "The enforcement by a shareholder of his right to receive payment for his shares in the manner provided herein shall exclude the enforcement by such shareholder of any other right to which he might otherwise be entitled by virtue of share ownership, except as provided in paragraph (e), *and except that this section shall not exclude the right of such shareholder to bring or maintain an appropriate action to obtain relief on the ground that such corporate action will be or is unlawful or fraudulent as to him*" (emphasis added). The emphasized exception specifically protects the right of a shareholder to bring an equitable action. There is no indication that the statute was intended to handicap a shareholder in maintaining an equitable action or to limit his right of discovery. This conclusion is supported by the recent Court of Appeals decision in *Breed v Barton* (54 NY2d 82). In *Breed* (*supra,* p

---

* Special Term properly denied discovery of certain nonprivileged information on the ground that it was not relevant to the issues in this action. Plaintiffs' argument to the contrary is without merit.

87) the court stated that "[t]he common-law fraud exception to the exclusivity rule codified in subdivision (k) of section 623 is no more than a particular application of the maxim that equity will act only when no adequate remedy is available at law * * * Limiting the exception to equitable relief thereby serves the valid function of denying dissenting shareholders the ability to reopen prior appraisal proceedings and again seek the identical relief merely by alleging fraudulent or unlawful corporate conduct in relation to the merger". This statement indicates that the exclusivity rule found in section 623 is intended only to proscribe the shareholders' right to an action at law. It should not affect a shareholder's remedies in an action in equity.

Nor does the privilege apply merely because an attorney-client relationship exists (*Matter of Priest v Hennessy,* 51 NY2d 62, 69). The privilege created by CPLR 4503 (subd [a]) is not absolute; it exists only to aid the administration of justice by ensuring the frank revelation of pertinent information between attorney and client (*Matter of Priest v Hennessy, supra,* pp 67-68; *Matter of Jacqueline F.,* 47 NY2d 215, 218) and should be "strictly confined within the narrowest possible limits consistent with the logic of its principle." (8 Wigmore, Evidence [McNaughton rev, 1961], § 2291, p 554.) "[M]uch ought to depend on the circumstances of each case" (*Matter of Priest v Hennessy, supra,* p 68; *Matter of Jacqueline F., supra,* p 222). Only if the injury resulting from disclosure is greater than benefit thereby gained should the privilege be recognized (8 Wigmore, Evidence [McNaughton rev, 1961], § 2285; see, also, *Garner v Wolfinbarger,* 430 F2d 1093, 1100-1101), and even then policy reasons might require disclosure (*Matter of Priest v Hennessy, supra,* pp 69, 71).

The record in this case does not reveal that Special Term engaged in the delicate balancing process required before finding that the communications were privileged. We are persuaded that corporate management, since it has duties which run ultimately to the benefit of the stockholders, cannot hide behind "an ironclad veil of secrecy" and that under certain circumstances its judgment may be questioned (*Garner v Wolfinbarger, supra,* p 1101). This case

should be remitted to Special Term to determine if the circumstances of this case justify the recognition of the attorney-client privilege. Since defendant asserts the privilege, the burden rests on him "to show the existence of circumstances justifying its recognition" (*Bloodgood v Lynch,* 293 NY 308, 314; see *Matter of Priest v Hennessy, supra,* p 69).

Plaintiffs' claim that defendants waived the attorney-client privilege is without merit. Accordingly, the orders should be modified in accordance with this opinion and as modified they should be affirmed.

DILLON, P. J., CALLAHAN, GREEN, O'DONNELL and SCHNEPP, JJ., concur.

Orders unanimously modified, and as modified affirmed, without costs, and matter remitted to Supreme Court, Cayuga County, for further proceedings, in accordance with *Per Curiam* opinion.