■ In the Matter of ALYSE LAZAR et al., Respondents, v ROBINSON KNIFE MANUFACTURING Co., INC., Appellant. ALYSE

LAZAR et al., Respondents, v JOHN GREENBERGER et al., Appellants. [692 NYS2d 539] —Order unanimously affirmed with costs. Memorandum: Supreme Court properly denied the motion of defendants to dismiss the complaint as barred by the exclusivity provision in Business Corporation Law § 623 (k). Business Corporation Law §§ 623 and 910 authorize shareholders who dissent from the merger of two domestic corporations to commence an appraisal proceeding wherein the court determines the fair value of their stock. A dissenting shareholder who commences an appraisal proceeding generally is excluded from enforcing "any other right to which he might otherwise be entitled by virtue of share ownership" (Business Corporation Law § 623 [k]). A narrow exception to the exclusivity rule is provided in Business Corporation Law § 623 (k), which authorizes "a dissenting stockholder to bring an 'appropriate action' in his individual capacity to remedy unlawful or fraudulent corporate conduct" (*Breed v Barton*, 54 NY2d 82, 86; *see also, Schloss Assocs. v Arkwin Indus.*, 61 NY2d 700, *revg on dissenting opn of Mangano, J.*, 90 AD2d 149, 158). An appropriate action is one in which there is a "primary request" for equitable relief (*Breed v Barton, supra*, at 87).

Here, petitioners/plaintiffs (hereinafter plaintiffs) commenced an appraisal proceeding and thereafter commenced the present action alleging fraud, overreaching and breach of fiduciary duties by the individual defendants, who were directors of defendant corporation, in their adoption of and participation in a 1990 stock option plan. The complaint seeks as one of its primary requests equitable relief, i.e., rescission of the stock option plan, the imposition of a constructive trust upon the stock issued under the stock option plan and an accounting. Moreover, if plaintiffs establish that a breach of fiduciary duty occurred, then the actions of defendants are unlawful and plaintiffs may be entitled to equitable relief (*see, Alpert v 28 Williams St. Corp.*, 63 NY2d 557, 569, *rearg denied* 64 NY2d 1041). Because plaintiffs allege that the actions of defendants were unlawful or fraudulent and seek equitable relief, the action is not barred by the exclusivity provision in Business Corporation Law § 623 (k) (*see generally, Breed v Barton, supra*, at 87; *Matter of Willcox v Stern*, 18 NY2d 195, 204; *Matter of Direct Media/DMI v Rubin*, 171 Misc 2d 505).

Likewise, we reject defendants' contention that the present action is derivative and therefore should have been dismissed. The complaint alleges that plaintiffs' ownership interest in defendant corporation was diminished because of the breach by defendants of their fiduciary duties in issuing the stock option

plan. Because plaintiffs allege that defendants breached a duty owed to them individually, this is not a derivative action brought on behalf of defendant corporation (*see, Matter of Schulman,* 165 AD2d 499, 503-504, *lv denied* 79 NY2d 751; *Hammer v Werner,* 239 App Div 38, 44; *see generally, Abrams v Donati,* 66 NY2d 951, 953, *rearg denied* 67 NY2d 758).

We have reviewed defendants' remaining contentions and conclude that they are without merit. (Appeal from Order of Supreme Court, Erie County, Notaro, J.—Dismiss Pleading.) Present—Pine, J. P., Lawton, Pigott, Jr., and Callahan, JJ.