[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE THE COMPLAINT (#118)
The defendants Leonard W. Tow, Bernard P. Gallagher, Michael G. Harris, Scott N. Schneider and Claire L. Tow ("Century defendants") have moved pursuant to Practice Book § 10-39(a) to strike the complaint on the grounds that the plaintiff has failed to state a claim upon which relief can be granted. The plaintiff's claims arise from the merger of the defendants Century Communications Corporation ("Century") and Adelphia Communications Corporation. The plaintiff was an owner of Century Class A stock[1]; he alleges that as part of the merger, a premium was paid to Century Class B shareholders in violation of a fiduciary duty owed to the Class A shareholders. The plaintiff asserts that the Century defendants controlled Century, and in violation of their fiduciary obligation to the plaintiff, they negotiated a premium for their shares that was not likewise paid to the Class A shareholders.[2]
A motion to strike is the appropriate vehicle by which to challenge the legal sufficiency of a pleading. Practice Book §10-39; Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368
(1985). "The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. . . ." (Citations omitted; internal quotation marks omitted.) Peter-Michael, Inc.CT Page 613v. Sea Shell Associates, 244 Conn. 269, 270771, 709 A.2d 558
(1998). A motion to strike admits all well pleaded factual allegations. Westbrook Bank Trust Co. v. Corcoran, Mallin 
Aresco, 221 Conn. 490, 495, 605 A.2d 862 (1992).
Though operating in Connecticut, Century is a New Jersey corporation, having been incorporated under New Jersey law. A principle of corporate law recognizes that a corporation's "internal affairs" should be governed by the laws of the state of its incorporation. Resolution Trust Corp. v. Camhi, 861 F. Sup. 1121,1126 (D. Conn. 1994). The relationships between and among a corporation's directors, officers and shareholders constitute a corporation's internal affairs. McDermott Inc. v. Lewis,531 A.2d 206, 215 (Del. 1987). The validity of the "internal affairs" doctrine has been recognized by the United States Supreme Court in CTS Corp. v. Dynamics Corp. of Am., 481 U.S. 69, 89-91 (1987). The parties do not dispute the application of New Jersey law.
The defendants contend that the exclusive remedy available to plaintiff Lowinger and other Century shareholders is limited by New Jersey law to the statutory right of appraisal afforded by New Jersey law. The New Jersey Business Corporation Act, N.J.S. §§ 14A:11-1 — 14A:11-11, allows a shareholder to make a demand upon the corporation for payment of its share value, and if the corporation fails to pay fair value, then the shareholder may seek judicial appraisal of the shares. N.J.S. §§ 14A:11-2 and14A:11-7.
The statute further provides that "[t]he enforcement by a dissenting shareholder of his right to receive payment for his shares shall exclude the enforcement by such dissenting shareholder of any other right to which he might otherwise be entitled by virtue of his share ownership, . . . except that this subsection shall not include the right of such dissenting shareholder to bring or maintain an appropriate action to obtain relief on the ground that such corporate "action will be or is ultra vires, unlawful or fraudulent as to such dissenting shareholder." N.J.S. ¶ 14A:11-5(2). The defendants contend that N.J.S. § 14A:11-5(2) specifically establishes appraisal as the exclusive remedy for shareholders seeking monetary relief in connection with a merger.
The defendants rely on Strasenburgh v. Straubmuller,683 A.2d 818 (N.J. 1996). Strasenburgh was a consolidated action involving an appraisal statute claim and an individual action for damages CT Page 614 against the corporation's board of directors. The dissenting shareholders objected to a corporate restructuring and initiated an appraisal action, with some of the plaintiff shareholders also initiating a claim in damages based on breach of fiduciary duty. The New Jersey Supreme Court held that the breach of fiduciary claim was precluded by the appraisal action. Id., 832.
In doing so, the court adopted the analysis of the New York Court of Appeals in Reed v. Barton, 429 N.E.2d 128 (N.Y. 1981) The New York appraisal statute is nearly identical to the New Jersey statute. See N.Y. Bus. Corp. Law § 623(k) (McKinney 1998). The Strasenburgh court, relying on New York law, found that "[a] theme that runs through the exclusivity and appraisal provisions is whether the appraisal remedy will provide all of the relief to the aggrieved party that is required." Strasenburghv. Straubmuller, supra, 683 A.2d 828. The court specifically found that a breach of fiduciary duty claim could be considered as part of the appraisal action, and thus a separate action was barred.
In this instance, the plaintiff is not seeking to prevent the merger, which indeed was accomplished on October 1, 1999, more than six months after this complaint was filed. Instead, he seeks damages related to the $4.00 per share premium received by the Class B shareholders. His claim for damages unquestionably is related to the share value and would have been encompassed by an appraisal action properly brought under New Jersey law. According to New Jersey law, the plaintiff has no right to initiate this damage claim. The plaintiff has failed to state a claim upon which relief can be granted and the complaint is dismissed.[3]
The motion to strike (#118) is granted
ROBERT F. MCWEENY, J.