■ THEODORE TRUST U/A DATED DECEMBER 30, 1971, et al., Appellants, v ARTHUR J. SMADBECK et al., Respondents. [717 NYS2d 7] —Order, Supreme Court, New York County (Charles Ramos, J.), entered February 4, 2000, which granted defendants' motion pursuant to CPLR 3211 to dismiss the amended complaint, unanimously affirmed, without costs.

Pursuant to Business Corporation Law § 623, the right of ap-

praisal is the exclusive remedy for stockholders dissenting to the terms upon which a corporation has offered its shares for sale in the context of a corporate merger, except that an action in equity is permissible to challenge fraudulent or illegal corporate activity (*Breed v Barton*, 54 NY2d 82, 86-87). Thus, an action for damages alone may not be maintained by shareholders seeking redress for the terms upon which their shares were sold in a merger context (*see, id.*, at 87). Accordingly, plaintiff shareholders, having failed to comply with the explicit statutory requirements set forth in Business Corporation Law § 623, and having therefore forfeited their appraisal rights with respect to the stock formerly held by them in the Anhama Realty Corporation, the corporation whose merger with defendant Alcoma Corporation occasioned the purchase of plaintiffs' stock on terms plaintiffs now belatedly challenge, are relegated to seeking relief in equity. Plaintiffs' amended complaint, however, does not seek relief primarily equitable in nature, but rather pleads an entitlement to an award of money damages to compensate plaintiffs for the alleged undervaluation of their stock in the context of the Anhama/Alcoma merger. Accordingly, the complaint was properly dismissed.

We have considered plaintiffs' other arguments and find them to be unavailing. Concur—Rosenberger, J. P., Tom, Wallach, Rubin and Saxe, JJ.