Sparks v Metrovest Equities (2020 NY Slip Op 05166)





Sparks v Metrovest Equities


2020 NY Slip Op 05166


Decided on September 29, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 29, 2020

Index No. 653200/2018 Appeal No. 11893 Case No. 2019-04888 

Before: Acosta, P.J., Webber, Moulton, Shulman, JJ. 


[*1]Alan Sparks, et al., Plaintiffs-Appellants,
v
Metrovest Equities, et al., Defendants-Respondents. Gurney's Inn Corp. Liquidating Trust, et al., Defendants.


Squitieri & Fearon, LLP, New York (Olimpio Lee Squitieri of counsel), for appellants.
Greenberg Traurig, LLP, New York (Daniel R. Milstein of counsel), for respondents.



Judgment, Supreme Court, New York County (Barry R. Ostrager, J.), entered July 22, 2019, dismissing the action and bringing up for review an order, same court and Justice, entered April 8, 2019, which granted defendants' motion to dismiss, unanimously affirmed, with costs. In 2013, defendant 290 Old Montauk Associates, LLC (290 OMA) and its owners agreed to invest in Gurney's Inn Resort and Spa, Ltd. Each Gurney's Class A shareholder held a proprietary lease for use of a unit for a certain period each year. 290 OMA agreed to buy out the then-majority owner, Gurney's Inn Corp. Liquidating Trust (GLT), on condition that timeshare owners phase out their ownership by the end of 2017, a process referred to as "de-cooping." The deal's terms were set forth in a memorandum of understanding (MOU). Under the MOU, each timeshare owner had three options: sell shares to 290 OMA immediately per a price schedule in the MOU and cease using the time share immediately; surrender shares to 290 OMA for no payment while continuing to use the time share free of charge for five years; or retain shares, use the timeshare at a discounted maintenance rate for five years, then sell the shares to a third party purchaser or 290 OMA for a price based on a disinterested appraisal.
In December 2017, another vote was held, to, as relevant, terminate the individual proprietary leases pursuant to the MOU. By 2018, 290 OMA had invested approximately $30 million in renovating and managing Gurney's, and, as no third-party buyer was found, planned to buy all remaining Class A shares based on a formula in the MOU and appraisal by CBRE Inc. The shareholder vote on the transaction (Merger) was to occur on March 29, 2018.
Two days before the vote, plaintiff Sparks commenced a class action litigation in the Eastern District of New York (EDNY) and moved for a preliminary injunction and TRO to enjoin the vote (the Federal Action). EDNY denied a TRO, finding no irreparable injury. Sparks voluntarily discontinued the Federal Action on June 26, 2018. The vote on the Merger went forward.
Since plaintiffs and other Class A shareholders had dissented from the Merger, Gurney's, pursuant to Business Corporation Law (BCL) § 623, commenced a special proceeding in New York Supreme Court for judicial determination of the fair value of the dissenters' shares (Appraisal Proceeding). After conducting hearings, the court concluded that the fair value of plaintiffs' shares was $142 per share rather than the $119 they had been offered.
On June 26, 2018, the same day Sparks discontinued the Federal Action, he and plaintiff Frank commenced the instant action naming Gurney's itself as a defendant, for purposes of injunctive relief only, and naming GLT, 290 OMA, and their owners, directors, and other controlling persons, as other defendants. Plaintiffs asserted nine causes of action, including a fraud claim seeking money damages due to the issuance of fraudulent proxy materials in 2013, a claim for injunctive relief seeking to void the MOU on grounds that it was the product of a breach of the majority owners' fiduciary duty, a claim for injunctive relief to void the MOU's termination of the proprietary leases on grounds such termination conflicted with the corporation's offering plan and governing documents; a claim for injunctive relief and money damages arising from breach of duties in connection with the 2017 vote to terminate the proprietary leases; a claim for rescission, and a claim to enjoin and rescind the termination of leases and the Merger per BCL 713.
On August 31, 2018, certain defendants, respondents here, moved to dismiss pursuant to CPLR 3211(a)(1), (4), (5), and (7), arguing, inter alia, that pursuant to BCL 623, plaintiffs' exclusive remedy was to seek the fair value of their shares, as they were doing in the Appraisal Proceeding. In opposition, plaintiffs argued, among other things, that BCL 623 did not bar the action by operation of BCL 623(k), as the transactions at issue were "fraudulent and/or achieved through fraud". In granting the motion to dismiss, the motion court held that plaintiffs' exclusive remedy was to seek to recover the fair value of their shares under BCL 623, as they were doing in the Appraisal Proceeding. It further held that the exception to the exclusivity provisions of BCL 623 (k) did not apply under the facts presented. We agree.
Proceedings under BCL 623 generally constitute a dissenting stockholder's exclusive remedy BCL 623[k]); Breed v Barton , 54 NY2d 82, 85 [1981]). Although a "narrow" exception exists when the merger is unlawful or fraudulent as to that shareholder, in which event an action for equitable relief is authorized (BCL 623[k]; Alpert v 28 Williams St Corp. , 63 NY2d 557 [1984]; Breed v Barton , 54 NY2d at 86; Matter of Wilcox v Stern , 18 NY2d 195, 204 [1966], the equitable relief sought must be the primary relief sought (Breed v Barton , 54 NY2d at 87; see also Theodore Trust U/A Dated December 30, 1971 v Smadbeck , 277 AD2d 67 [1st Dept 2000], lv denied 96 NY2d 703 [2001]; Walter J. Schloss Assoc. v Arkwin Indus. , 90 AD2d 149 [2d Dept 1982], revd for reasons stated in the dissent 61 NY2d 700 [1984]).
Here, the action is not one primarily for equitable relief, and accordingly does not fall within the exceptions to exclusivity of the appraisal remedy set forth in BCL 623(k). Nor is Gurney's, Inc. the only party to which those exclusivity protections extend, as plaintiffs contend. The statute excludes "the enforcement by such shareholder of any other right to which he might otherwise be entitled by virtue of share ownership" and does not specify or otherwise limit against whom such enforcement must be.
We have considered the parties' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 29, 2020