Salansky v Empric (2022 NY Slip Op 04844)

Salansky v Empric

2022 NY Slip Op 04844

Decided on August 4, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, PERADOTTO, NEMOYER, AND BANNISTER, JJ.

427 CA 21-00879

[*1]TODD SALANSKY, INDIVIDUALLY AND DERIVATIVELY ON BEHALF OF BUFFALO FERMENTATION INC., PLAINTIFF-APPELLANT,
v
JEFFREY EMPRIC, HEATHER LUCAS AND BUFFALO FERMENTATION INC., DEFENDANTS-RESPONDENTS. 

STAN COHEN, NEW YORK CITY, FOR PLAINTIFF-APPELLANT. 
LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Erie County (Emilio Colaiacovo, J.), entered December 21, 2020. The order, among other things, granted defendants' motion insofar as it sought partial summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying those parts of defendants' motion seeking summary judgment dismissing the first cause of action insofar as it alleges breach of the shareholder agreement as asserted by plaintiff, individually, and the third cause of action insofar as it was asserted by plaintiff, individually, reinstating those causes of action to that extent, and granting plaintiff partial summary judgment on the issue of liability on the first cause of action insofar as it alleges breach of the shareholder agreement and on the third cause of action, and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action individually and derivatively on behalf of Buffalo Fermentation Inc. (BFI), seeking damages for, inter alia, breach of a shareholder agreement. At the time of BFI's incorporation in early 2017, 100 shares of stock were issued, and plaintiff owned 45% while defendants Jeffrey Empric and Heather Lucas owned the remaining 55%. The certificate of incorporation (CI) stated that the total number and value of shares of common stock that BFI shall have the authority to issue is 200 shares with no par value. Plaintiff, Empric, and Lucas also entered into a shareholder agreement in September 2017. In 2019, Empric and Lucas voted to make a capital contribution to BFI in exchange for additional shares of stock and voted to have an accounting firm value the business to determine how many additional shares Empric and Lucas would receive from their respective capital contributions. As a result of those actions, plaintiff's ownership in BFI decreased from 45% to less than 3%. Plaintiff then commenced this action seeking monetary damages and rescission of the allegedly wrongfully issued shares of stock. Plaintiff's first and third causes of action, brought both individually and derivatively, were for breach of fiduciary duty and breach of the shareholder agreement, respectively, and the second cause of action, brought derivatively only, was for unjust enrichment.
Defendants moved for partial summary judgment seeking, as relevant here, dismissal of the derivative claims, dismissal of the third cause of action, and dismissal of the first cause of action insofar as it is based on the breach of the shareholder agreement. Plaintiff opposed the motion and requested partial summary judgment pursuant to CPLR 3212 (b). Supreme Court granted defendants' motion to the extent described above and denied plaintiff's request for partial summary judgment. We now modify.
Initially, we conclude that plaintiff has abandoned any contention with respect to the propriety of the dismissal of the derivative claims by failing to raise the issue in his brief on [*2]appeal (see Ciesinski v Town of Aurora, 202 AD2d 984, 984 [4th Dept 1994]). In any event, plaintiff alleges harm to him personally, not the corporation, and thus the court properly granted defendants' motion insofar as it sought summary judgment dismissing the second cause of action and so much of the first and third causes of action that were brought on a derivative basis (see Matter of Lazar v Robinson Knife Mfg. Co., 262 AD2d 968, 969-970 [4th Dept 1999]; cf. Davis v Magavern, 237 AD2d 902, 902 [4th Dept 1997]; see generally Accredited Aides Plus, Inc. v Program Risk Mgt., Inc., 147 AD3d 122, 132 [3d Dept 2017]).
We agree with plaintiff that the court erred in granting those parts of defendants' motion seeking summary judgment dismissing the first cause of action insofar as it alleges breach of the shareholder agreement as asserted by plaintiff, individually, and the third cause of action insofar as it was asserted by plaintiff, individually, and that plaintiff is entitled to partial summary judgment on those causes of action, and we therefore modify the order accordingly. It is well settled that "a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms" (Greenfield v Philles Records, 98 NY2d 562, 569 [2002]). Section four of the shareholder agreement provided that the CI "will not be amended or repealed except by written Agreement of all of the Shareholders." In opposition to the motion, plaintiff submitted an amendment to the CI made in September 2020 to increase the number of shares that BFI was authorized to issue from 200 shares to 2,000. The amendment to the CI stated that the amendment was authorized by a vote of a majority of all outstanding shares entitled to vote thereon. Thus, plaintiff established that defendants violated the shareholder agreement by amending the CI without his written approval.
Contrary to defendants' assertion, we conclude that section four of the shareholder agreement does not conflict with Business Corporation Law § 803 (a). That statute provides, inter alia, that a certificate of incorporation may be amended by a simple majority vote of the shares present at a meeting of the shareholders (see id.). If the certificate of incorporation itself requires a greater number than a majority vote for an amendment, then that provision cannot be changed except by such greater vote (see id.). There was no provision in the CI here that required a vote of all the shareholders in order to amend the CI, and thus it could be amended by a simple majority vote of the shareholders. However, plaintiff alleged that defendants violated the shareholder agreement by amending the CI without his approval. Business Corporation Law § 803 (a) does not prohibit parties from entering into a separate agreement that requires unanimity among the shareholders to amend a certificate of incorporation. Inasmuch as there is no conflict between the Business Corporation Law and the shareholder agreement, section 41 of the shareholder agreement, which provides that when there is such a conflict the Business Corporation Law will prevail, is not applicable to the issue.
We have examined plaintiff's remaining contentions and conclude that they do not require further modification or reversal of the order.
Entered: August 4, 2022
Ann Dillon Flynn
Clerk of the Court